IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
AT INDIANAPOLIS

| | |
|---|---|
| TRUSTEES OF THE INTERNATIONAL PAINTERS AND ALLIED TRADES LOCAL NO. 47 HEALTH AND WELFARE PLAN,<br><br>    Plaintiffs,<br><br>-vs-<br><br>MID-STATES PAINTING COMPANY, INC.,<br><br>and<br><br>JOHN A. BERGESON,<br><br>    Defendants. | CASE NO. 1:20-cv-1560 |

## COMPLAINT

1.    Plaintiffs, the Trustees of the International Painters and Allied Trades Local No. 47 Health and Welfare Plan, are trustees of a multiemployer benefit plan and employee welfare plan. Defendants Mid-States Painting Company, Inc. and John A Bergeson are employers obligated to make contributions to the Plan based upon a contractually agreed rate so that their employees may participate in and receive the employee benefits of the Plan. Plaintiffs bring this action on behalf of the participants and beneficiaries of the Plan for the purpose of collecting contributions and other amounts due to the Plan and compelling an audit of Defendants' records.

## JURISDICTION AND VENUE

2.    This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.* (2014). Jurisdiction is conferred upon this Court pursuant to ERISA §§ 502 and 515, 29 U.S.C. §§ 1132 and 1145, as this is a suit against an employer for failing to make required contributions to an employee benefit fund. Jurisdiction is also conferred

upon this Court pursuant to Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185(a), as this suit alleges violations of a collective bargaining agreement involving an employer and labor organization.

3. Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), because the Plan of which Plaintiffs are trustees is administered within the jurisdiction of the U.S. District Court, Southern District of Indiana.

## THE PARTIES

3. Plaintiffs, the Trustees of the International Painters and Allied Trades Local No. 47 Health and Welfare Plan, are fiduciaries of a Trust Fund created pursuant to LMRA § 302(c)(5), 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement. The Plan is a multiemployer benefit plan and employee welfare plan within the meaning of ERISA §§ 3(1), (37), 29 U.S.C. §§ 1002(1). The Plan is administered by a joint Board of Trustees composed of an equal number of employee and employer representatives, as required by LMRA § 302(c)(5), 29 U.S.C § 186(c)(5), and the Plan's Board of Trustees is the "plan sponsor" as defined by 29 U.S.C. § 1002(16)(B)(iii). The Plan is administered at 8901 Otis Avenue, Suite 200, Indianapolis, IN 46216.

4. Defendant Mid-States Painting Company, Inc. is an Indiana corporation with its principal place of business located at 1111 East Morgan Street, Kokomo, IN 46901. Defendant was incorporated in 2015 and administratively dissolved on July 5, 2019. At all relevant times, Defendant was an employer as defined in LMRA § 2(2), 29 U.S.C. § 152(2) and ERISA § 3(5), 29 U.S.C. § 1002(5). Defendant was engaged in interstate commerce and affecting commerce as defined in ERISA § 3(11) and (12), 29 U.S.C. § 1002(11) and (12).

5. Defendant John A. Bergeson is an individual and President and Incorporator of Defendant Mid-States Painting Company, Inc. Following the dissolution of Mid-States Painting Company, Inc., John Bergeson has continued the business as a sole proprietor, using the trade

2

name Mid-States Painting Company. John Bergeson's address is 111 East Morgan Street, Kokomo, IN 46901.

## COMMON FACTS

6. At all relevant times, Defendant Mid-States Painting Company, Inc. was a party to and agreed to abide by the terms of a Collective Bargaining Agreement ("CBA"). A true and accurate copy of the CBA is attached hereto as **Exhibit A**.

7. Following the dissolution of Defendant's Mid-States Painting Company, Inc., Defendant John Bergeson continued the business in substantially unchanged form as a proprietorship and as a result he became bound by the CBA as a successor employer.

8. The terms of the CBA required Defendants to make contributions to the Plan, along with contributions to other employee benefit plans. The CBA also binds Defendants to the terms of the Plan's Trust Agreement. A true and accurate copy of relevant excerpts of the Plan's Trust Agreement is attached as **Exhibit B**.

9. The Plan's Trust Agreement gives Plaintiffs the authority to collect employer contributions due to the Plan. To ensure employers remit benefit contributions in a timely and orderly manner, Plaintiffs adopted written a written Collection Procedures. A true and accurate copy of the Plan's Collection Procedures is attached as **Exhibit C**.

10. Pursuant to the terms of the CBA, Trust Agreement, and Collection Procedures, Defendants are required to make monthly contributions to the Plan on behalf of each of their employees in an amount and under the terms set forth in the agreements.

11. The Plan's Collection Procedures require Defendants to submit all monthly reports and contributions on or before the first day of the second month after the month in which work was performed. In the event that contributions are not made by the due date, they are delinquent and are subject to late fees and interest.

12. Pursuant to the terms of the CBA, Trust Agreement, and Collection Procedures, Defendants may also be subjected to payroll audits as may be deemed appropriate. Defendants are required to provide in conjunction with such audits any and all payroll records that may be required to complete such audits. In the event a payroll audit discloses that Defendants have not paid contributions as required, Defendants are liable for the costs of the audit.

13. Pursuant to the terms of the CBA, Trust Agreement, and Collection Procedures, Defendants were selected for a payroll audit. Defendants, however, have refused to cooperate with the audit process, despite numerous communications from Plaintiffs' auditor and legal counsel.

## COUNT I
### (ERISA Section 515, 29 U.S.C. Section 1145 – Failure to Pay Contributions)

14. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

15. Upon information and belief, Defendants have failed to pay the required contributions for the month of January 2018 and all subsequent months.

16. Defendants' actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendants are therefore liable for delinquent contributions, liquidated damages, interest and attorney fees and costs pursuant to ERISA § 502(a)(3) and (g)(2), 29 U.S.C. §1132(a)(3) and (g)(2).

## COUNT II
### (LMRA Section 301, 29 U.S.C. Section 185 – Breach of Contract)
### (Failure to Pay Contributions)

17. Plaintiffs reallege each averment set forth above as if fully rewritten herein.

18. Upon information and belief, Defendants have failed to pay the required contributions for the month of January 2018 and all subsequent months.

19.     Defendants' actions are in violation of the CBA, Trust Agreement, and Collection Procedures, and Defendants are therefore liable for delinquent contributions, liquidated damages, interest and attorney fees and costs pursuant to LMRA § 301, 29 U.S.C. § 185.

### COUNT III
### (ERISA Section 515, 219 U.S.C. Section 1145 – Failure to Pay Liquidated Damages)

20.     Plaintiffs reallege each averment set forth above as if fully rewritten herein.

21.     Upon information and belief, Defendants have failed to pay the required contributions for the month of January 2018 and all subsequent months. As a result, Plaintiffs are entitled to late fees and interest from their respective due dates.

22.     Defendants' actions are in violation of ERISA § 515, 29 U.S.C. § 1145, and Defendants are therefore liable for liquidated damages and interest pursuant to ERISA § 502(a)(3), 29 U.S.C. §1132(a)(3).

### COUNT IV
### (LMRA Section 301, 29 U.S.C. 185 – Breach of Contract)
### (Failure to Pay Liquidated Damages)

23.     Plaintiffs reallege each averment set forth above as if fully rewritten herein.

24.     Upon information and belief, Defendants have failed to pay the required contributions for the month of January 2018 and all subsequent months. As a result, Plaintiffs are entitled to late fees and interest from their respective due dates.

25.     Defendants' actions are in violation of CBA, Trust Agreement, and Collection Procedures, and Defendants are therefore liable for liquidated damages and interest pursuant to LMRA § 301, 29 U.S.C. § 185.

### COUNT V
### ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(G)(2)(E)—Order Compelling Payroll Audit

26.     Plaintiffs reallege each averment set forth as if fully rewritten herein.

27. Despite repeated demands to do so, Defendants have failed to submit to a payroll audit and are therefore in breach of the CBA, Trust Agreement, and Collection Procedures.

28. Plaintiffs have no way of verifying, absent an audit, the number of hours worked by covered employees. Therefore, unless Defendants submit to an audit, Plaintiffs have no way of ascertaining the amount owed in delinquent contributions, late fees, and interest.

29. Because Defendants' refusal to submit to a payroll audit is in violation of the CBA, Trust Agreement, and the Collection Procedure, Plaintiffs are entitled to an order compelling Defendant to submit to a payroll audit pursuant to ERISA § 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E).

**WHEREFORE**, Plaintiffs demand the following relief against Defendants:

A. An order compelling Defendants to submit to a payroll audit of its books and records to determine the amounts owed to Plaintiffs for delinquent contributions, late fees, and interest in an amount to be determined;

B. Judgment in favor of Plaintiffs and against Defendants for unpaid and delinquent contributions owed by Defendants for the period of January 2018 to the present, in an amount to be determined;

C. Judgment on behalf of Plaintiffs and against Defendants for accumulated interest and late fees on untimely or delinquent contributions for the period of January 2018 to the present, plus any additional interest accrued at the time of an entry of judgment, in an amount to be determined;

D. Judgment on behalf of Plaintiffs and against Defendants for the costs of any and all payroll audits needed to determine the amounts owed by Defendants;

E. Judgment on behalf of Plaintiffs and against Defendants in the amount of unpaid contributions which should accrue during the pendency of this action, as provided under ERISA § 502(g), 29 U.S.C. § 1332 (g)(2)(A);

F. Judgment on behalf of Plaintiffs and against Defendants for accumulated interest and late fees on unpaid contributions which should accrue during the pendency of this action;

G. An award of attorney's fees and costs incurred in connection with the collection of the unpaid amounts as provided for by the terms of the CBA, Trust Agreements, Collection Procedures, and ERISA § 502(g), 29 U.S.C. § 1332(g)(2)(D);

H. An Order retaining jurisdiction over this cause pending compliance with all Orders; and

I. Any other legal or equitable relief which the Court deems just as provided for under ERISA § 502(g), 29 U.S.C. § 1132(g)(2)(E).

Respectfully submitted,

LEDBETTER PARISI LLC

/s/ Paul E. Stoehr
Paul E. Stoehr (OH #0096213)
5078 Wooster Rd., Suite 400
Cincinnati, OH 45226
(937) 619-0900 (ph)
(937) 619-0999 (fax)
pstoehr@fringebenefitlaw.com
*Attorneys for Plaintiffs*