UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TRUSTEES OF THE INTERNATIONAL PAINTERS AND ALLIED TRADES LOCAL NO. 47 HEALTH AND WELFARE PLAN,   Plaintiff,   v.   MID-STATES PAINTING COMPANY, INC., JOHN A. BERGESON,   Defendants. | No. 1:20-cv-01560-JPH-DLP |

**ORDER ON MOTION FOR DEFAULT JUDGMENT**

On June 1, 2020, Plaintiffs filed a complaint against Defendants Mid-States Painting Company, Inc. and John Bergeson, seeking damages for unpaid employer contributions'. Dkt. 1. Defendants have not responded or defended this case. On August 4, 2020, clerk's entry of default was entered against both Defendants. Dkts. 9 & 10. Plaintiffs have filed a motion for default judgment. Dkt. [27]. For the reasons that follow, that motion is **GRANTED**.

**A.   Liability**

Federal Rule of Civil Procedure 55 creates a two-step process for a party seeking default judgment. *See VLM Food Trading Int'l, Inc. v. Illinois Trading Co.*, 811 F.3d 247, 255 (7th Cir. 2016). First, the plaintiff must obtain an entry of default from the Clerk. Fed. R. Civ. P. 55(a). Upon default, the well-pleaded allegations in the complaint relating to liability are taken as true. *VLM Food*, 811 F.3d at 255. Second, after obtaining entry of default, the plaintiff may seek an entry of default judgment. Fed. R. Civ. P. 55(b).

1

Here, an entry of default was entered against Defendants, dkts. 9 & 10, and Plaintiffs seek default judgment. Therefore, the allegations in the complaint, when taken as true, establish liability and the Court must determine damages. *See* Fed. R. Civ. P. 55(b).

### B. Damages

While the Court must accept as true allegations relating to liability, "damages must be proved unless they are liquidated or capable of calculation." *Wehrs v. Wells*, 688 F.3d 886, 892 (7th Cir. 2012). A hearing is therefore required unless "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983)).

Here, Plaintiffs seek unpaid contributions, interest and late fees, the cost of the payroll audit, attorney fees and costs, and post-judgment interest. Dkt. 27 at 1. Their damages can be calculated from definite figures in Plaintiffs' evidence, so a hearing is unnecessary. *See e360 Insight*, 500 F.3d at 602.

#### 1. Unpaid Contributions

Under 29 U.S.C. § 1132(g)(2)(A), the Court shall award unpaid contributions when entering judgment in favor of a plan. Plaintiffs request $3,086.29 in unpaid contributions. Dkt. 27 at 1. In support, they have provided an affidavit from Michelle Zimmerman, a certified public accountant who works for the CPA firm that audited Defendants' records on behalf of

Plaintiff. Dkt. 28-1. That affidavit explains that, based on work reports that Defendants submitted for January 2018 through December 2020, Defendants "owe $3,086.29 in unpaid contributions." *Id.* at 2. The affidavit includes a spreadsheet itemizing and totaling the unpaid contributions, and a spreadsheet generated from Defendants' work reports. *Id.* at 5-7.

This uncontested affidavit and supporting spreadsheets are enough to support Plaintiffs' unpaid-contributions damages request. *See e360 Insight*, 500 F.3d at 602. They are therefore entitled to $3,086.29 in unpaid contributions.

### 2. Interest and Fees

29 U.S.C. § 1132(g)(2)(B) allows interest on the unpaid contributions. The plan's collection procedures entitle Plaintiffs to interest at a rate of 18% per year and late filing and payment fees until the delinquent contributions are paid in full. *See* dkt. 1 at 3 ¶11; 1-3 at 2. Late filing fees are assessed at a rate of $500 for reports not filed by the "1st day of the second month after the month in which the hours are worked." Dkt. 1-3 at 2. A late payment fee of $1000 is assessed "[o]n the first day of the next month" if contributions remain unpaid. *Id.* Ms. Zimmerman's affidavit explains, with a supporting spreadsheet, that the interest that has accrued on the unpaid contributions totals $1,102.35, with late filing fees of $1,500.00 and late payment fees of $3,000.00. Dkt. 28-1 at 2, 5; *see e360 Insight*, 500 F.3d at 602. Plaintiffs are therefore entitled to $5,602.35 in interest and fees, plus ongoing interest at the

same rate until the unpaid contributions are paid in full. *See* 29 U.S.C. § 1132(g)(2)(B).

### 3. Attorney Fees and Costs

Under 29 U.S.C. § 1132(g)(2)(D), the Court shall award "reasonable attorney's fees and costs of the action, to be paid by the defendant." Attorney fees awards are in the sound discretion of the district court, but the Court "must demonstrate that it has considered the proportionality of attorneys' fees to the total damage award" and must explain the hourly rate used. *Moriarity ex rel. Local Union No. 727 v. Svec*, 429 F.3d 710, 717 (7th Cir. 2005).

Plaintiffs request $6,524.00 in attorney fees and costs. Dkt. 27 at 1. In support, they have provided a declaration from Plaintiffs' counsel Paul Stoehr and a detailed printout of counsel's billing records. Dkt. 28-2 at 5-9. The declaration explains that counsel's law firm has extensive experience in delinquent collections and charges between $200.00 and $230.00 per hour for attorneys and $95.00 per hour for paralegals—rates that are in line with what other firms charge for the type of work this case required. Dkt. 28-2 at 2. The declaration also explains that Plaintiffs paid the $400.00 filing fee for this case. *Id.*; *see* dkt. 1.

Mr. Stoehr's declaration shows that the hourly rates charged are reasonable. *See Moriarity*, 429 F.3d at 717. And the detailed billing descriptions show that the requested $6,524.00 is reasonable and justified by the facts of this case and is proportional to the total damages award. *See id.* Plaintiffs are also entitled to $400.00 in costs. *See* 29 U.S.C. § 1132(g)(2)(D).

4

Finally, Plaintiffs request and are entitled to attorney fees and costs incurred in collecting the judgment. *See Free v. Briody*, 793 F.2d 807, 808 (7th Cir. 1986).

### 4. Payroll Audit Fee

Finally, 29 U.S.C. § 1132(g)(2)(E) provides for the award of "other or equitable relief as the court deems appropriate." The governing documents entitle Plaintiffs to recover from Defendants the amount charged for the payroll audit completed in this case. *See* dkt. 1 at 4 ¶ 12; 1-2 at 19 Art. V § 3. Ms. Zimmerman's affidavit explains that the cost of the audit report charged by her CPA firm to the Plaintiffs was $1,804.00. Dkt. 28-1 at 2. Plaintiffs are therefore entitled to that amount. *See* 29 U.S.C. § 1132(g)(2)(E).

### Conclusion

Plaintiffs' motion for default judgment is **GRANTED**. Dkt. [27]. They are entitled to unpaid contributions, interest and late fees, the cost of the payroll audit, and attorney fees and costs totaling $17,016.64, plus ongoing interest on unpaid contributions until those contributions are paid in full and attorney fees and costs incurred in collecting the judgment. Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 11/8/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Paul E. Stoehr
LEDBETTER PARISI LLC
pstoehr@fringebenefitlaw.com